IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GERMAN AGUILAR BELTRAN,

Defendant.

**8:22-CR-205**

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE**

This matter is before the Court on defendant German Aguilar Beltran's *pro se* Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and to 18 U.S.C. § 3553. Filing 199. The defendant asks the Court to "reduce his term of imprisonment under 18 U.S.C. § 3582(c)(2) and U.S.S.[G]. [§] 1B1.10, based on Amendment 821 to U.S. Sentencing Guideline." Filing 199 at 1. For the following reasons, the defendant's motion is denied.

In April of 2024, the defendant pleaded guilty to conspiring to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. Filing 146 (Plea Agreement); Filing 150. The defendant entered his guilty plea pursuant to a Rule 11(c)(1)(C) plea agreement, which provided for a sentence of 216 months custody. Filing 146 at 4. At sentencing, the Court used the 2023 Guidelines Manual to calculate the defendant's guideline custody range to be 262 to 327 months. Filing 165 at 9, 16. The defendant's total offense level under the Guidelines was 39, due in part to two separate two-level enhancements: one under U.S.S.G. § 3B1.1(c) for the defendant's aggravating role in the offense and one under U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine. Filing 165 at 9. The defendant

had zero criminal history points, resulting in a Criminal History Category of I. Filing 165 at 10. The Court ultimately accepted the defendant's Rule 11(c)(1)(C) plea agreement and sentenced him to 216 months custody and 5 years of supervised release. Filing 167 (Text Minute Entry); Filing 168 (Judgment).

Now, the defendant argues that his total offense level should have been reduced by four levels because he "was not the leader and was not the person bringing the drugs into the United States." Filing 199 at 2–3. The defendant asks the Court to calculate a new guideline custody range based on a total offense level of 35 and a Criminal History Category of I, and he requests that the Court "grant the LOW END" of that range. Filing 199 at 3. In seeking a sentence reduction, the defendant specifically references "Amendment 821 4C1.1." Filing 199 at 4.

Under 18 U.S.C. § 3582(c)(2), the Court may reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 944(o)." "[A] defendant is eligible for a discretionary § 3582(c)(2) reduction if his applicable guidelines range is lowered by a retroactive amendment listed in [U.S.S.G] § 1B1.10(d)." *United States v. Koons*, 850 F.3d 973, 976 (8th Cir. 2017). Amendment 821 to the Guidelines, which the defendant invokes here, appears in the list of covered amendments in U.S.S.G. § 1B1.10(d) and is therefore retroactively applicable. Part B, Subpart 1 of Amendment 821 added U.S.S.G. § 4C1.1 to the Sentencing Guidelines. At the time Amendment 821 took effect, U.S.S.G. § 4C1.1 provided that a defendant would receive a 2-level decrease in his offense level if he met 10 stated criteria. U.S.S.G. § 4C1.1(a) (2023). As relevant here, those criteria included that "the defendant did not receive any criminal history points from Chapter Four, Part A[ ]" and that "the defendant did not receive an adjustment

under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848." U.S.S.G. § 4C1.1(a)(1), (10) (2023).

To the best of the Court's understanding, the defendant is asking the Court to retroactively apply U.S.S.G. § 4C1.1 to his guideline calculations. Although Part B, Subpart 1 of Amendment 821 does make that Guideline retroactively applicable, Amendment 821's retroactivity does not help the defendant here. The defendant was sentenced on July 24, 2024, well after Amendment 821 took effect, and his guideline calculations did account for U.S.S.G. § 4C1.1—he simply did not receive the benefit of that Guideline because he did not satisfy its criteria. Specifically, the defendant did not satisfy the requirement in subsection (10) that he "not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848."[1] U.S.S.G. § 4C1.1(a)(10) (2023). The Court held at sentencing that the aggravating role enhancement properly applied to the defendant. *See* Filing 167. The defendant was therefore ineligible for the zero-point offender reduction at the time of sentencing—even though he did have zero criminal history points—and he has not shown that he is now eligible for that same reduction. Accordingly,

IT IS ORDERED that defendant German Aguilar Beltran's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and to 18 U.S.C. § 3553, Filing 199, is denied.

[1] Amendment 831, effective November 1, 2024, split the tenth criteria in two, separating the "aggravating role" consideration from the "continuing criminal enterprise" consideration. U.S.S.G. § 4C1.1(a)(10), (11) (2024). Amendment 831 does not appear in U.S.S.G. § 1B1.10(d)'s list of retroactive amendments, and even if it did, the amendment would not change the defendant's ineligibility for the zero-point offender reduction.

Dated this 7th day of August, 2026.

BY THE COURT:

Brian C. Buescher
Chief United States District Judge